UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE McQUEEN,

    Plaintiff,        CASE NO. 07-CV-11293

-vs-             PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE
KIM WORTHY,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Before the Court is Plaintiff Willie McQueen's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses without prejudice the complaint.

**I. BACKGROUND**

Plaintiff claims that the defendant, the Wayne County Prosecutor, allegedly used perjured testimony to obtain a criminal conviction against him in the state courts. Plaintiff seeks monetary damages and a new trial.

**II. ANALYSIS**

  **A. Standard of Review**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). Absent either element, a Section 1983 claim will not lie. *Id.* Pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1

Dockets.Justia.com

1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### B. Monetary Damages Pursuant to 42 U.S.C. § 1983

Plaintiff initially seeks monetary damages against the defendant for his allegedly wrongful conviction. Plaintiff's complaint is subject to dismissal for several reasons.

First, a state prosecutor who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the state's case is absolutely immune from civil suit for damages under Section 1983 for alleged deprivations of the accused's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The defendant, as prosecuting attorney, would therefore be absolutely immune from suit for the alleged use of perjured testimony at plaintiff's criminal trial. *Id.* at 431, n. 4; *see Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986).

Secondly, Plaintiff does not allege that his criminal conviction has been set aside. "To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, . . . . a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . . , or called into question by the issuance of a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487. Therefore, when a state inmate seeks damages in a civil rights suit under § 1983, a "district court must determine whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Since Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. Jan. 29, 2004) (unpublished); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

### C. Vacating Plaintiff's Conviction Under 42 U.S.C. §1983

To the extent Plaintiff is seeking to have his criminal conviction vacated or set aside in this civil rights action, the complaint is also subject to dismissal. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 is not a permissible alternative to the traditional remedy of habeas corpus. *Id.* Thus, to the extent Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus rather than a civil rights action under § 1983.

"When a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the

matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

This Court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. Nov. 7, 2001) (unpublished); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, since this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F.3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999) (table opinion).

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.

**SO ORDERED.**

                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated: March 29, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 29, 2007.

                                        s/Denise Goodine  
                                        Case Manager